UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | : | |
|---|---|---|
| | : | |
| | : | |
| IN RE: SHERI SPEER | : | CASE NO. 3:16-cv-141-RNC |
| | : | |
| | : | |
| | : | |

ORDER

This is an appeal from an order of the Bankruptcy Court overruling Ms. Speer's objection to two proofs of claim filed by Seaport Capital Partners, LLC.  See Order Overruling the Debtor's Objection to Claim, In re Speer, 14-bk-21007(AMN) (Bankr. D. Conn. Jan. 15, 2016) (Bankr. ECF No. 961).  Ms. Speer moved for reconsideration of the order before filing her notice of appeal.  The motion for reconsideration was eventually denied.  The parties filed briefs before the Bankruptcy Court ruled on the motion for reconsideration.  Neither party has taken any further action since the motion for reconsideration was denied.  Accordingly, the parties are directed to file supplemental briefs on or before the dates set forth below.

On November 4, 2015, Ms. Speer filed her objection to Seaport's claims (numbers 8 and 20) contending that commercial notes underlying the claims are invalid and unenforceable. (Bankr. ECF No. 845).  A hearing on the trustee's motion for approval of a compromise of the claims was scheduled to take place the next day.  On December 10, 2015, the Court issued an

oral decision overruling Ms. Speer's objection on the ground that she lacked standing. See H'rg Audio (Bankr. ECF No. 910). On December 14, 2015, Ms. Speer moved for reconsideration citing Bankruptcy Rule 9023. (Bankr. ECF No. 923). She also filed a "notice of standing." (Bankr. ECF No. 924). On January 15, 2016, while the motion for reconsideration remained pending, the Court issued a written order memorializing its oral decision overruling Ms. Speer's objection. (Bankr. ECF No. 961). Ms. Speer filed a notice of appeal that resulted in the opening of this appeal. (Bankr. ECF No. 985). Briefs were filed on the issue of Ms. Speer's standing. On March 31, 2017, the Bankruptcy Court issued a written ruling disposing of the motion for reconsideration. (Bankr. ECF No. 1198).

The Federal Rules of Bankruptcy Procedure provide that a notice of appeal must be filed within 14 days after entry of the order being appealed. Fed. R. Bankr. P. 8002(a)(1). However, if a party timely files a motion in the bankruptcy court seeking relief from the order under Bankruptcy Rule 9023 (incorporating Fed. R. Civ. P. 59) or Bankruptcy Rule 9024 (incorporating Fed. R. Civ. P. 60), the time to file an appeal is tolled while the motion is pending. See Fed. R. Bankr. P. 8002(b)(1)-(2). A motion for reconsideration is treated as a motion under Rules 9023 and 9024. See In re Residential Capital, LLC, No. 15 Civ.

3248 (KPF), 2016 WL 796860, at *15 (S.D.N.Y. Feb. 22, 2016); In re Enron Corp., 352 B.R. 363, 366-68 (Bankr. S.D.N.Y. 2006).

Fed. R. App. P. 4(a)(4) governs the effect of a motion for reconsideration on a notice of appeal. When a timely motion for reconsideration is filed, the notice of appeal becomes effective only upon entry of the order disposing of the motion for reconsideration. Fed. R. App. P. 4(a)(4)(B)(I); see id. at 4(a)(4) advisory committee's note to 1993 amendment ("A notice [of appeal] filed before the filing of one of the specified motions or after the filing of a motion but before disposition of the motion is, in effect, suspended until the motion is disposed of, whereupon, the previously filed notice effectively places jurisdiction in the court of appeals."). While the appeal is suspended, the district court retains jurisdiction to rule on the motion. See Hodge ex rel. Skiff v. Hodge, 269 F.3d 155, 157 & n.4 (2d Cir. 2001) (notice of appeal filed prior to disposition of timely-filed post-judgment motion becomes effective only upon disposition of motion; in the interim, district court retains jurisdiction to decide motion). The same holds true in the bankruptcy context. See In re Adelphia Comms. Corp., 327 B.R. 175, 178 (Bankr. S.D.N.Y. 2005) (exercising jurisdiction over motion for reconsideration notwithstanding filing of notice of appeal).

Under these rules, the notice of appeal in this case became effective upon the filing of the Bankruptcy Court's decision of March 31, 2017, denying the motion for reconsideration.  However, neither party has taken any action with regard to this appeal since then.  Accordingly, Ms. Speer is directed to file a supplemental brief on or before February 23, 2018.  Seaport will file a response on or before March 12, 2018.  Ms. Speer may file a reply on or before March 23, 2018.  Because of the age of the case, these dates will not be extended.

So ordered this 6th day of February, 2018.

/s/ RNC
Robert N. Chatigny
United States District Judge