UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
                          :
                          :
                          :
IN RE: SHERI SPEER        :      CASE NO. 3:16-cv-141-RNC
                          :
                          :
                          :
```

ORDER

Sheri Speer, a Chapter 7 debtor, seeks review of an order of
the Bankruptcy Court (Nevins, J.) overruling her objections to
proofs of claim filed by her principal creditor, appellee Seaport
Capital Partners, LLC.  For reasons that follow, the order is
affirmed.

In the order under review, the Bankruptcy Court ruled that
Ms. Speer lacks standing to object to Seaport's claims.  Ms.
Speer moved for reconsideration of the order, (Bankr. ECF No.
923),[1] then filed an appeal before the motion for reconsideration
was decided (Bankr. ECF No. 961).  The Bankruptcy Court later
denied the motion for reconsideration in a lengthy ruling.  Order
Den. Mot. Recons. (Bankr. ECF No. 1198).

In denying reconsideration, the Court adhered to its ruling
that Ms. Speer lacks standing.  However, the Court went on to

---

[1] Docket entries from the underlying Bankruptcy Court
proceedings, In re Speer, No. 2:14-bk-21007(AMN) (Bankr. D. Conn.
filed May 20, 2014), are referenced by "Bankr. ECF No." and
docket entries from this appeal in the District Court are
referenced by "ECF No."

explain that even if standing should have been granted to Ms. Speer to object to Seaport's claims, the error was harmless because the Court would have overruled the objections in any event without providing an opportunity for further discovery.[2] As the Court pointed out, Ms. Speer's objections to Seaport's claims repeat arguments raised in opposition to the involuntary petition, which were rejected by the Court (Dabrowski, J.) after discovery and a trial because Ms. Speer had failed to present a credible legal theory or evidence that Seaport's claims are invalid. In denying reconsideration, the Court concluded that Ms. Speer's objections should be rejected in accordance with the prior ruling.

Following the Bankruptcy Court's ruling on reconsideration, the parties were asked to submit supplemental briefs addressing the impact of the ruling on this appeal. In her supplemental brief, Ms. Speer adheres to her position that she has standing to object to Seaport's claims but she does not address the Court's ruling that the objections are unavailing in any event. Seaport contends that the Bankruptcy Court's ruling on the merits of Ms. Speer's objections moots the appeal. I conclude that even if the Court erred in failing to grant standing to Ms. Speer in the

---

[2] Ms. Speer has not appealed the ruling denying the motion for reconsideration.

first place, which is by no means clear, any error was harmless in light of the ruling denying reconsideration.

Under the Bankruptcy Code, a "party in interest" has standing to object to a proof of claim. 11 U.S.C. § 502(a). To have standing, a party must show that its pecuniary interest will be affected "directly and adversely." In re Adams, 424 B.R. 434, 436 (Bankr. N.D. Ill. 2010). A Chapter 7 debtor ordinarily lacks standing to object to a claim because the debtor has no pecuniary interest in the matter. See Pascazi v. Fiber Consultants, Inc., 445 B.R. 124, 127 (S.D.N.Y. 2011) ("The rule is based on the assumption that . . . 'the debtor receives a distribution only after all creditors have been paid in full, and an estate will rarely have enough assets to do even that.'") (quoting In re Ulz, 401 B.R. 321, 328 (Bankr. N.D. Ill. 2009)). However, courts have granted standing to Chapter 7 debtors to object to claims in two circumstances: when there is a reasonable possibility of a surplus; and when the claim is or may be nondischargeable. See In re Mandel, 641 F. App'x 400, 404-05 (5th Cir. 2016); McGuirl v. White, 86 F.3d 1232, 1235 (D.C. Cir. 1996); In re Chaitan, 517 B.R. 419, 426 (Bankr. E.D.N.Y. 2014); In re Willard, 240 B.R. 664, 668 (Bankr. D. Conn. 1999). Ms. Speer contends that both circumstances are present here.

In denying the motion for reconsideration, the Bankruptcy Court found that there would be no surplus in this case even if

Seaport's claims were disallowed.  <u>See</u> Order Den. Mot. Recons.
17-18 (Bankr. ECF No. 1198).  In her supplemental brief, Ms.
Speer continues to assert that there might well be a surplus if
Seaport's claims are rejected.  However, Ms. Speer has not shown
that the Bankruptcy Court's finding to the contrary is erroneous.
In the absence of such a showing, the finding cannot be
disturbed.

With regard to the other potential basis for standing in
this Chapter 7 case — the risk that the debt is nondischargeable
— Seaport has commenced an adversary proceeding seeking to deny a
discharge to Ms. Speer and the proceeding remains pending.  In
denying reconsideration, the Bankruptcy Court found that, even
though Ms. Speer may ultimately be denied a discharge on
Seaport's claims, the pendency of the adversary proceeding does
not give her standing to object to the claims because her
objections lack a good faith basis and were filed for the purpose
of undermining the effective administration of the bankruptcy
estate.  <u>Id.</u> at 22.  Construing Ms. Speer's supplemental brief in
a manner favorable to her, she contends that the merits of her
objections are irrelevant to the issue of her standing to object.
In her view, a Chapter 7 debtor automatically has standing to
object to a claim when the debt is or may be nondischargeable
regardless of the merits of the objections.

Whether the Bankruptcy Code confers automatic standing on a Chapter 7 debtor to object to a claim when the debt is or may be nondischargeable appears to be an issue of first impression in this Circuit. The issue implicates competing interests. On the one hand, allowing a claim based on a nondischargeable debt may affect a debtor's pecuniary interest, especially if the Bankruptcy Court's claim allowance order has res judicata effect.[3] On the other hand, the purpose of the bankruptcy system is "to provide an efficient and expeditious administration of bankrupt estates." In re Raytech Corp., 222 B.R. 19, 24 (Bankr. D. Conn. 1998). The circumscribed standing provided to Chapter 7 debtors by the pecuniary-interest test serves this purpose by protecting the trustee against undue interference. The rule of automatic standing invoked by Ms. Speer likely would have the opposite effect. As one bankruptcy court has observed, "[g]ranting standing to every debtor who happens to be subject to some nondischargeable claim would interfere with the administration of chapter 7 cases. Many debtors are subject to nondischargeable claims. If every such debtor were suddenly entitled to take an active role in the trustee's administration

---

[3] A claim allowance order may be given res judicata effect if the debtor had a full and fair opportunity to litigate the validity of the claim. See EDP Med. Comp. Sys., Inc. v. United States, 480 F.3d 621, 626 (2d Cir. 2007); see also TM Patents, L.P. v. Int'l Bus. Machs. Corp., 121 F. Supp. 2d 349, 362 (S.D.N.Y. 2000).

of the case, the result would slow down the bankruptcy system and make it more costly." <u>In re Adams</u>, 424 B.R. 434, 437 (Bankr. N.D. Ill. 2010).

This concern is particularly salient here. Seaport seeks to prevent Ms. Speer from receiving a discharge on the ground that she has engaged in various forms of misconduct, including intentionally delaying the bankruptcy proceeding by filing frivolous pleadings. <u>See</u> App. to Appellant's Init. Brief 104-112 (ECF No. 9-1 at 106-14). Indeed, the Bankruptcy Court has determined that the objections at issue here lack a good faith basis and were filed solely for purposes of delay. Ms. Speer's conduct in the Bankruptcy Court has resulted in sanctions orders and a stay of all filings. <u>See</u> Scheduling Order & Order to Show Cause (Bankr. ECF No. 1536).

It is unnecessary to decide whether the risk that Ms. Speer will be denied a discharge in the adversary proceeding gives her automatic standing to object to Seaport's claims. Even assuming she has standing to object on that basis, any error that might have occurred here was harmless in light of the Bankruptcy Court's ruling on reconsideration. The Court has made it clear that even if standing had been granted to Ms. Speer, her objections would have been overruled without opportunity for more discovery because they merely repeat arguments previously rejected after discovery and a trial. Order Den. Mot. Recons.

14, 23-25 (Bankr. ECF No. 1198).  Ms. Speer has not shown that
the Bankruptcy Court erred in this regard.  In the absence of
such a showing, the ruling of the Bankruptcy Court on the issue
of standing is at most harmless error because it does not affect
Ms. Speer's substantial rights.  Fed. R. Bankr. P. 9005; <u>In re</u>
<u>Sanshoe Worldwide Corp.</u>, 993 F.2d 300, 305 (2d Cir. 1993).  Even
if this Court were to reverse on the standing question and remand
to the Bankruptcy Court, the result would remain the same: the
objections would be overruled without an opportunity for further
discovery.  <u>See</u> <u>Sanshoe</u>, 993 F.2d at 305 (holding that "applying
harmless-error principles" was "particularly appropriate because,
had the issue been addressed by the bankruptcy court, we already
know that there is not even a triable issue" on the disputed
question).

Accordingly, the order that gave rise to this appeal is
hereby affirmed.

The Clerk may close the appeal.

So ordered this 31st day of March, 2018.

                              /s/ RNC
                         Robert N. Chatigny
                     United States District Judge